UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:05-CR-00207-1-F
No. 5:12-CV-00196-F

| | |
|---|---|
| MICHAEL JUSTIN SMITH,<br>      Petitioner, | )<br>)<br>) |
| v. | )     <u>ORDER</u> |
| UNITED STATES OF AMERICA,<br>      Respondent. | )<br>)<br>) |

This matter is before the court on the Government's Response [DE-77], withdrawing its arguments against the relief sought by petitioner, Michael Justin Smith, from his 180-month sentence imposed on May 18, 2006. *See* Judgment [DE-26]. The Government had opposed Smith's April 13, 2012, motion pursuant to 28 U.S.C. § 2255 [DE-68] as successive, and sought dismissal on that ground by motion filed May 21, 2012. *See* [DE-74]. However, on August 23, 2012, Smith filed a Motion to Vacate Sentence and Conviction pursuant to 28 U.S.C. § 2241, arguing that he otherwise was without a remedy unless he was permitted to seek relief under § 2241, in light of the Department of Justice's recently announced policy not to challenge meritorious claims for relief under *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (*en banc*).

The Government reasserts its position that Smith's § 2255 motion must be dismissed as successive, but it agrees that under § 2241, Smith does not face the same procedural bar. The Government concedes Smith's § 2241 motion has merit, and "hereby waives the personal jurisdiction and venue defenses available through the filing of this instant petition in this district, *see Kanai v. McHugh*, 638 F.3d 251, 256-58 (4th Cir. 2011), and [agrees that] petitioner's claim should be granted." Response [DE-77]. The Government deliberately has waived the personal jurisdiction and venue defenses to Smith's § 2241 motion. *See id.*

A review of Smith's prior criminal record, in light of the ruling in *Simmons* and the content of the Government's Response [DE-77], together with the record in this case convinces the court that Smith in fact was and is "actually innocent" of the § 922(c) conviction and of being an "armed career criminal" under § 922(e). Because he was not a "felon" at the time of that alleged conduct under North Carolina law, as properly construed, an element of the § 922(g) offense was lacking.

In summary, Smith's § 2241 motion [DE-76] is ALLOWED for the reasons stated herein. The judgment of conviction and sentence, entered on May 18, 2006 [DE-26] hereby is VACATED. Michael Justin Smith is ORDERED to be released from federal custody, subject to pending detainers, if any. His § 2255 motion [DE-68] is DENIED as successive, and that motion as well as the Government's motion to dismiss it [DE-74] are DISMISSED as moot.

SO ORDERED.

This, the 28th day of August, 2012.

*/s/ James C. Fox*
JAMES C. FOX
Senior United States District Judge